UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUDY L. HOFFMAN,

          Plaintiff,

vs.                                         Case No. 2:05-cv-15-FtM-29SPC

JO ANNE BARNHART, Commissioner of
Social Security,

          Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on consideration of a Report and Recommendation (Doc. #31) filed on March 6, 2006, recommending that the Commissioner's decision to deny social security disability benefits be affirmed. Plaintiff filed Objections to Report and Recommendations (Doc. #36) on April 25, 2006.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d

at 1158-59.  The Court does not decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn ex rel. Shinn v. Commissioner of Social Security, 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

**II.**

The Administrative Law Judge (ALJ) found that plaintiff had not engaged in substantial gainful activity since October 5, 2000; that she had "severe" impairments of a latex allergy and low back pain; that neither impairment alone or in combination met or equaled the listed impairments; that plaintiff was incapable of performing her past relevant work as a registered nurse; that plaintiff had the residual functional capacity to perform a significant range of light work; and, based upon the testimony of a vocational expert, that there existed a significant number of jobs in the national economy that plaintiff could perform.  The Report and Recommendation found the ALJ's factual findings to be supported by substantial evidence and the decision to be based upon proper legal standards.

Plaintiff asserts that the denial of disability benefits by the Commissioner constituted a denial of her Fifth Amendment rights because she was the victim of willful discrimination, and the

information relied upon was false and misleading, and suggests that various statutory rights were violated. (Doc. #36, ¶¶ 2, 10-11, 17). As the Report and Recommendation found, and as is supported in the administrative record, plaintiff was given a full and fair hearing at which she was represented by counsel and was allowed to introduce testimony and other additional evidence. Neither 42 U.S.C. § 1981 nor Title II of the Americans with Disabilities Act are implicated in this review of the Commissioner's decision to deny disability benefits. These objections are overruled.

Plaintiff objects to the Report and Recommendation's statement that "The plaintiff was also treated for complaints of low back pain by Dr. Greene. (Tr. 14, 284-313)." Plaintiff argues that Dr. Greene is an Ear, Nose, and Throat specialist, and while he may have acknowledged her complaint of back pain he did not "treat" it. (Doc. #36, ¶ 7). The Report and Recommendation's reference to the transcript page 14 reflects the following statement by the ALJ: "Progress notes from David Greene, M.D., Cleveland Clinic, also show that the claimant was treated for complaints of low back pain radiating into the thoracic area and down into her right gluteal area [citing what is now Tr. 284-313]." Most of the progress notes cited by the ALJ and the Report and Recommendation are not from Dr. Greene; the ones that are from Dr. Greene (Tr. 298, 306-07) do not relate to his treatment of low back pain. Plaintiff's objection is therefore sustained.

Plaintiff also objects to the Report and Recommendation's statement that in an October 20, 2000, letter "Dr. Dakos stated that laboratory findings revealed the Plaintiff has a formaldehyde sensitivity and moderate to severe latex sensitivity. (Tr. 361)." (Doc. #31, p. 5; Doc. #36, p. 3). While this statement is accurate, plaintiff argues that Dr. Dankos recanted his original diagnosis in a November 1, 2000, letter because Dr. Dakos was an ENT doctor who did not want to admit he made an error in interpretation of an inaccurate test assessment. (Doc. #36, ¶ 7). Dr. Dakos' November 1, 2000, letter explains some prior confusion concerning the test for latex, and states that based on the follow-up letter interpreting the data it is clear that plaintiff does not have latex sensitivity. (Tr. 360). Since the ALJ found plaintiff did have a latex sensitivity impairment, and the Report and Recommendation accurately reported the finding, plaintiff's objection is overruled.

Plaintiff also argues that although the Report and Recommendation refers to Dr. Weiner, who performed an independent medical examination, it fails to mention that plaintiff wore a respirator mask with high particulate filters for the duration of Dr. Weiner's evaluation. Plaintiff also argues that any doctor who utilizes powdered latex gloves in his office knows nothing about Latex Allergy Type One. (Doc. #36, ¶ 7). Dr. Weiner did report that plaintiff "wore an air filtered/cartridge mask covering her nose and mouth for virtually all of this IME. She removed it when

performing the pulmonary function test and when requested for examination of the nose and throat." (Tr. 402). The Court will therefore consider this additional fact. The Court notes, however, that this did not change Dr. Weiner's conclusion: "My impression is that Ms. Hoffman has no objective confirmation for latex allergy. She may or may not have latex sensitization. She may or may not have mild latex allergy. She has not demonstrated life threatening latex allergy, the fear of which has thoroughly disrupted h[er] life." (Tr. 423). Plaintiff is entitled to her personal belief, but the record demonstrates that Dr. Weiner is well qualified and devoted a significant amount of time and attention to his evaluation of plaintiff. The additional fact will be considered, but plaintiff's objection is otherwise overruled.

Plaintiff argues that the ALJ relied upon experts whose opinions were contradictory, or who failed to perform standard tests, or who never personally examined plaintiff, or who made a recommendation based upon false information from two doctors which was inconsistent with other documented medical facts. (Doc. #36, ¶¶ 8, 9). The Report and Recommendation found that the ALJ properly evaluated the medical evidence in the record. After reviewing the transcript, with a particular emphasis on the record citations in plaintiff's objection, the Court agrees that the ALJ applied the proper legal standards to his evaluation of the medical evidence and experts. Therefore, plaintiff's objection is overruled.

Plaintiff also argues that the Report and Recommendation falsely stated that she had not engaged in substantial gainful activity since February 26, 1997, when in fact she worked until October 2000. (Doc. #36, ¶ 12). The Report and Recommendation states: "The ALJ found that the Plaintiff has not engaged in substantial gainful activity since February 26, 1997. (Tr. 18)." The portion of the ALJ's decision cited in the Report and Recommendation states: "The claimant has not engaged in substantial gainful activity since February 26, 1997, the alleged onset date of disability . . ." While the Report and Recommendation is thus correct, the ALJ had earlier in his decision noted that plaintiff "alleges she became disabled on October 5, 2000 . . ." (Tr. 12), and the ALJ "finds that the claimant has not engaged in substantial gainful activity since her alleged disability onset date . . ." (Tr. 13). Thus, both the Report and Recommendation and plaintiff are literally correct, although the ALJ misspoke in his subsequent summary finding. Since a finding of substantial gainful work would render a claimant not disabled, and it is undisputed that plaintiff was not performing substantial gainful work at any relevant time, the ALJ's inconsistent finding is harmless, as is the Report and Recommendation's failure to cite to the other date.

Plaintiff argues that she has tried, and continues to try, to obtain gainful employment, but is unable to do so because of her special needs due to her disabilities. (Doc. #36, ¶¶ 13-14). The ALJ found plaintiff had the residual functional capacity to perform

certain specific jobs as identified by a vocational expert which were available in the national economy. The Agency for Workforce Innovation document attached to plaintiff's Objection does not provide any facts concerning its conclusion that plaintiff could not work due to a disability, and does not even identify what disability was the basis for its opinion. Even with this conclusory document, there is substantial evidence to support the ALJ's finding, and therefore this objection is overruled.

Plaintiff also objects to the ALJ's determination to discredit her testimony, arguing that the ALJ should have relied more upon medical documentation and not the hearsay of alleged experts, which is not substantial evidence. (Doc. #36, ¶ 15). As the Report and Recommendation found (Doc. #31, pp. 21-25), the ALJ properly considered and discounted plaintiff's testimony, and properly considered the medical documentation and the evidence provided by both the treating and consulting physicians. Plaintiff's objection is overruled.

Plaintiff argues that she had a right to have the medical facts heard under the Seventh Amendment to the United States Constitution. (Doc. #36, ¶ 16). To the extent this is an argument that plaintiff is entitled to a jury trial, the Court overrules the objection.

After an independent review, the Court agrees with the findings in the Report and Recommendation, with the following exceptions: (1) Plaintiff was not treated by Dr. Greene for low

back pain; (2) plaintiff wore a respirator mask with high particulate filters during virtually all of this IME, and removed it when performing the pulmonary function test and when requested for examination of the nose and throat; and (3) plaintiff has not engaged in substantial gainful work since October 5, 2000.  The Court adopts the legal principles set forth in the Report and Recommendation.  The Court finds that the Commissioner's decision, even with the exceptions noted above, is supported by substantial evidence and is based upon proper legal standards.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #31) is accepted and **adopted** by the Court to the extent discussed above.

2.  The Decision of the Commissioner of Social Security is **affirmed.**

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of April, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Judy L. Hoffman
Counsel of Record